IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY BAKER,
     Petitioner,

vs.                           Case No.: 3:16cv420/LAC/EMT

FLORIDA COMMISSION ON
OFFENDER REVIEW,
     Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus and supporting memorandum, filed under 28 U.S.C. § 2254 (ECF Nos. 1, 2). Respondent Florida Commission on Offender Review ("FCOR") filed an answer with relevant portions of the state court record (ECF No. 12). Petitioner filed a reply (ECF No. 16).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to federal habeas relief.

## I.      BACKGROUND AND PROCEDURAL HISTORY

On November 29, 1989, Petitioner was convicted in the Circuit Court in and for Escambia County, Florida, Case No. 1989-CF-3673, of first degree murder and sentenced to life imprisonment with a mandatory minimum of twenty-five (25) years (*see* ECF No. 12, Ex. A).[1]    When Petitioner neared completion of the mandatory minimum term of imprisonment, an FCOR hearing examiner interviewed Petitioner as the initial step in the FCOR's process of establishing Petitioner's presumptive parole release date ("PPRD") (*see* Ex. C).   In determining a PPRD, the FCOR considers the pre-sentence investigation report ("PSR") relied upon by the state sentencing court (Ex. B).    Following Petitioner's interview, the examiner recommended that Petitioner serve 372 months before release on parole, thus recommending a PPRD of June 3, 2020 (Ex. C).

At a hearing on February 9, 2013, the FCOR did not affirm the hearing examiner's recommendation and restructured Petitioner's case as follows:

1.  Salient Factor Score:  1=2, 2=0, 3=0, 4=0, 5=1, 6=0, 7=0, TOTAL 3 or RCF _.

2.  Offense Severity:   Level 6 Degree Capital Felony Offense First Degree Murder
                        Case Number 89-3673 Count I.

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (ECF No. 12).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

3. Matrix Time Range:  <u>180–240</u>.                                    Set at the Top 240 months

4. <u>Aggravating</u>/Mitigating Factors (*Explain each with source*):

    1.  The offense involved the use of a firearm, per the PSI.     +60 months

    2.  Unsatisfactory institutional conduct as evidenced by his
    processed disciplinary record.                                    +120 months

    3.  The inmate was on probation in Case #89-945 when he
    committed the murder, which is a negative indicant of parole
    prognosis, per the PSI.                                        <u>+60 months</u>
                                                      Total of 480 months

5.  Time Begins: 6/3/1989.      6. Months for incarceration:  <u>480</u>

(Ex. D).[2]  The FCOR established Petitioner's PPRD as June 3, 2029 (*id.*).  Petitioner

was notified he would be interviewed again in October of 2019 (*id.*).  Petitioner

sought administrative review of the FCOR's decision, but the FCOR did not change

his PPRD or the date of his next parole interview (Ex. E).

Petitioner sought judicial review of the FCOR's decision by filing a petition for

extraordinary relief in the state circuit court (Ex. F).  Petitioner presented the same

claims he presents in the instant federal habeas petition.  The state court considered

---

[2] Petitioner's Salient Factor Score of 3 points was based upon his receiving 2 points for the fact that he had three or more prior convictions, and 1 point based upon the fact that he had one or more revocations of probation or parole at the time he committed the present offense of conviction (*see* Ex. D).  Petitioner's Offense Severity Level of 6 was based upon the fact that the degree of felony of his present offense was a Capital Felony (*id.*).  Based upon the FCOR's matrix, the combination of his Salient Factor Score and Offense Severity Level qualified him for a time range of 180–240 months of imprisonment prior to release on parole (*id.*).  The Aggravating Factors are self-explanatory.

Petitioner's arguments and the FCOR's response, and summarily denied the petition

in an order issued September 3, 2015 (Ex. L).  Petitioner appealed the decision to the

Florida First District Court of Appeal ("First DCA"), Case No. 1D15-4284, by filing

a petition for writ of certiorari (Exs. M, N).  The First DCA denied the petition on the

merits on February 9, 2016 (Ex. R).  Baker v. Fla. Comm'n on Offender Review, 187

So. 3d 1235 (Fla. 1st DCA 2016) (Table).  The court denied Petitioner's motion for

rehearing on March 14, 2016 (Exs. S, T).

On March 18, 2016, Petitioner filed a petition for extraordinary relief in the

Supreme Court of Florida, Case No. SC16-519, seeking review of the FCOR's

jurisdiction to detain him under Florida law.  See Baker v. Fla. Comm'n on Offender

Review, Case No. SC16-519, Petition (Fla. Mar. 23, 2016).  The Supreme Court of

Florida dismissed the petition for lack of jurisdiction on August 9, 2016.  Baker v. Fla.

Comm'n on Offender Review, 2016 WL 4192260, at *1 (Fla. Aug. 9, 2016)

(unpublished).

Petitioner filed the instant federal habeas action on August 16, 2016 (ECF No.

1).

II.     ANALYSIS

In this federal habeas action, Petitioner raises four grounds for relief (ECF No. 1 at 4, 6, 7, 9). First, Petitioner contends the FCOR improperly considered his use of a firearm as an Aggravating Factor, when it had already accounted for this factor in "scoring" him, and the FCOR instead should have used it in determining his Offense Severity Rating (ECF No. 1 at 4; ECF No. 2 at 2). Second, Petitioner contends the FCOR improperly determined that his "unsatisfactory institutional conduct," as evidenced by his prison disciplinary reports, was an Aggravating Factor, but Petitioner's prison classification counselor advised Petitioner (on March 14, 2013, one month after Petitioner's parole hearing), "After reviewing your yearly reviews, your overall adjustment during your incarceration is above satisfactory" (ECF No. 1 at 6; ECF No. 2 at 2–3; *see also* ECF No. 12, Ex. F, attached Appendix A). Third, Petitioner contends the FCOR improperly considered the fact that he was on probation at the time of the present offense, when it had already accounted for this factor in his Salient Factor Score (ECF No. 1 at 7; ECF No. 2 at 3). Fourth, Petitioner contends the FCOR did not have jurisdiction over him at the time of the FCOR's decision (ECF No. 1 at 13; ECF No. 2 at 5).

Respondent contends Petitioner failed to satisfy the exhaustion requirement of §2254(b)(1)(A) (ECF No. 12 at 5–6). Respondent argues Petitioner did not present

Ground Four to the FCOR in his request for administrative review (*id.*). Respondent further argues Petitioner did not present Grounds One through Three to the First DCA in his petition for review of the lower court's denial of his petition for extraordinary relief (*id.*).

Respondent additionally contends Petitioner has not raised any issues of federal constitutional dimension; instead, his claims are strictly matters of state law not cognizable on federal review (ECF No. 12 at 6–8). Lastly, Respondent contends the FCOR properly applied Florida law in establishing Petitioner's PPRD (*id.* at 8–16).

In Petitioner's reply, he contends he exhausted all of his claims by presenting them to the state circuit court in his mandamus petition, and in his petition for review to the First DCA (ECF No. 16 at 1–2). Petitioner additionally argues that his claims are cognizable under § 2254, because federal habeas corpus is available to challenge the length of a state prisoner's incarceration (*id.* at 3–4). Petitioner further contends that his jurisdictional argument in Ground Four presents a federal due process claim (*id.* at 5–7).

A.     Exhaustion

Section 2254 provides that before federal habeas relief can be granted, the petitioner must exhaust all available state court remedies with respect to his claims, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78. A state prisoner challenging the decision of a state parole commission is subject to § 2254 and its attendant restrictions, including the exhaustion requirement. See Thomas v. Crosby, 371 F.3d 782 (11th Cir. 2004) (holding that Florida state prisoner's challenge to Florida Parole Commission's decision concerning his parole eligibility, including the setting of his presumptive parole release date, was subject to both 28 U.S.C. § 2241 and 28 U.S.C. § 2254).

In Florida, exhaustion of administrative remedies is required before seeking judicial review of a parole commission decision or action. See Riddell v. Fla. Dep't of Corr., 538 So. 2d 132, 133 (Fla. 1st DCA 1989) (citation omitted). Upon

exhaustion of administrative remedies, a prisoner may seek judicial review of the parole commission's action by filing a petition for writ of mandamus in the appropriate circuit court. *See* <u>Sheley v. Fla. Parole Comm'n</u>, 720 So. 2d 216, 217 (Fla. 1998) ("Mandamus is an accepted remedy for reviewing an order of the Florida Parole Commission.") (citations omitted); *see also* <u>Roth v. Crosby</u>, 884 So. 2d 407, 408 (Fla. 2d DCA 2004) (noting that a PPRD is challenged by petition for writ of mandamus against the Commission, filed in the Circuit Court in Leon County, unless the Commission waives home venue privilege) (citations omitted). A circuit court decision denying mandamus relief is reviewable either by appeal (if decided on grounds other than the merits, for example, failure to exhaust administrative remedies) or certiorari (if decided on the merits) in the state district court of appeal. *See* <u>Sheley</u>, 720 So. 2d at 217 (citing Fla. R. App. P. 9.030); <u>Roth</u>, 884 So. 2d at 408 n.2.

Here, Petitioner presented Grounds One, Two, and Three in his request for administrative review of the FCOR's decision (Ex. E). He did not present the jurisdictional argument raised in Ground Four of his § 2254 petition (*see id.*). However, Petitioner presented all four of his claims to the state circuit court, and the state court adjudicated the merits of each claim (Exs. F, L). Petitioner then sought review of the circuit court's decision in the First DCA, and he stated he was

presenting and incorporating the same facts and arguments that he presented to the lower court (Ex. N). The First DCA denied the petition on the merits (Ex. R). Because the state court did not apply a state procedural bar to any of Petitioner's claims and instead adjudicated all of the claims on the merits, the undersigned concludes Petitioner satisfied the federal exhaustion requirement as to all of his claims.

    B.    <u>Federal Review of Petitioner's Claims</u>

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. Thus, federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); <u>Swarthout v. Cooke</u>, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67–68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions.").  "Questions of state law rarely raise issues

of federal constitutional significance, because '[a] state's interpretation of its own

laws provides no basis for federal habeas corpus relief, since no question of a

constitutional nature is involved.'" Tejada v. Dugger, 941 F.2d 1551, 1560 (11th Cir.

1991) (quoting Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983)).

The federal habeas statute further provides, in relevant part:

**(d)**  An application for a writ of habeas corpus on behalf of a person in
custody pursuant to the judgment of a State court shall not be granted
with respect to any claim that was adjudicated on the merits in State
court proceedings unless the adjudication of the claim—

**(1)**  resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

**(2)**  resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the
State court proceeding.

28 U.S.C. § 2254(d) (2011).

Additionally, to establish a violation of the Due Process Clause, a petitioner

must have been deprived of a liberty interest created by the United States Constitution

or by a state. *See* Am. Mfrs. Ins. Co. v. Sullivan, 526 U.S. 40, 59, 119 S. Ct. 977, 989,

143 L. Ed. 2d 130 (1999); Monroe v. Thigpen, 932 F.2d 1437, 1441 (11th Cir. 1991).

In Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 99 S. Ct.

2100, 60 L. Ed. 2d 668 (1979), the Supreme Court held that there is no constitutional

or inherent right to parole, and that administrative decisions, however serious their

impact, do not automatically invoke due process protection.  *Id.*, 442 U.S. at 7; *see*

*also* Monroe, 932 F.2d at 1441.  The Eleventh Circuit has ruled that Florida statutes

do not create a liberty interest in parole, because the decision whether to release an

inmate on parole is a matter committed to the discretion of the parole commission

without the mandate of statute.  *See* Staton v. Wainwright, 665 F.2d 686 (5th Cir. Unit

B 1982).  As the court in Staton explained:

> Much of the Florida statutory scheme [concerning parole] is
> written in mandatory terms.  That language, however, is qualified by the
> exercise of the Commission's discretion.  The setting of the presumptive
> parole release date and the decision whether that date is to become the
> effective parole release date are matters committed ultimately to the
> discretion of the Commission.  Even if the inmate's conduct has been
> satisfactory, Florida law specifically grants the Commission the power
> to authorize the effective parole release date or to deny or delay release.
>
> Since the decision whether to release an inmate on parole is a
> matter committed to the discretion of the Commission without the
> mandate of statute, no entitlement to or liberty interest in parole is
> created by the Florida statutes.

*Id.* at 688; *see also* Hunter v. Fla. Parole & Prob. Comm'n, 674 F.2d 847, 848 (11th

Cir. 1982) ("The former Fifth Circuit has held . . . that no liberty interest in parole was

created by the Florida statutes . . . .  We agree.") (citing Staton); Jonas v. Wainwright,

779 F.2d 1576, 1577 (11th Cir. 1986) (reiterating that "[t]here is no constitutional right to parole in Florida."). Likewise, the FCOR's setting of a PPRD does not implicate a liberty interest or invoke due process protection. *See* Damiano v. Fla. Parole and Prob. Comm'n, 785 F.2d 929, 932 (11th Cir. 1986); Hunter, 674 F.2d at 848 (holding that no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated prisoner's PPRD); *see also, e.g.*, Walker v. Fla. Parole Comm'n, 299 F. App'x 900 (11th Cir. 2008) ("There is no liberty interest in the calculation of Florida's 'presumptive parole release date,' . . . because the ultimate parole decision is a matter of Commission discretion."). "Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness." Slocum v. Ga. State Bd. of Pardons and Paroles, 678 F.2d 940 (11th Cir. 1982); O'Kelley v. Snow, 53 F.3d 319, 321 (11th Cir. 1995) (same).

The Eleventh Circuit has held that a state parole board's admitted use of false information was arbitrary and capricious and, thus, violated the Due Process Clause, *see* Monroe, 932 F.2d at 1442; however, the court subsequently clarified that "prisoners cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim. Without evidence of the Board's reliance on false

information, a prisoner cannot succeed." <u>Jones v. Ray</u>, 279 F.3d 944, 946 (11th Cir.

2001). *Compare* <u>Jones</u>, 279 F.3d at 946 (holding that district court properly dismissed

prisoner's due process claim asserted in civil rights complaint, because prisoner did

not come forward with any false information relied on by the Board), *and* <u>Thomas v.

Sellers</u>, 691 F.2d 487, 489 (11th Cir. 1982) ("[A]bsent flagrant or unauthorized action

by a parole board the discretionary power vested in a parole board will not be

interfered with by the Federal courts.") (citations omitted), *and* <u>Slocum</u>, 678 F.2d at

941 (holding that prisoner did not state due process claim by simply asserting the

parole board considered erroneous information or inaccurate reports during parole

consideration); *with* <u>Monroe</u>, *supra*, *and* <u>Damiano</u>, 785 F.2d at 932 (finding that

inmate "raised a colorable due process claim with respect to the use of procedurally

flawed disciplinary reports in modifying a PPRD").

      1.   <u>Grounds One and Three</u>

With respect to Petitioner's Ground One (i.e., the FCOR improperly considered

his use of a firearm as an Aggravating Factor, because it had already accounted for

this factor in "scoring" him, and the FCOR instead should have used it in determining

his Offense Severity Rating), Petitioner does not allege that the FCOR knowingly and

intentionally used false information; rather, he simply disagrees with the FCOR's

interpretation and application of Florida statutes and administrative guidelines. The same is true of Petitioner's Ground Three (i.e., that the FCOR improperly considered the fact that he was on probation at the time of the present offense, when it had already accounted for this factor in his Salient Factor Score). Therefore, neither of these claims states a cognizable federal due process claim.[3]

2.     Ground Two

With respect to Ground Two—that the FCOR improperly determined that Petitioner's "unsatisfactory institutional conduct" was an Aggravating Factor—Petitioner appears to suggest that the FCOR's assessment was incorrect, because according to Petitioner's Department of Corrections classification officer, Petitioner's "overall adjustment" during his incarceration was "above satisfactory."

Petitioner presented this claim as Ground Two of his petition for extraordinary writ filed in the state circuit court (Ex. F at 12, 16). The state circuit court adjudicated the claim as follows:

In the second aggravator, for the Petitioner's unsatisfactory disciplinary record, the examiner noted that the Petitioner had 12

---

[3] Petitioner cites Harris v. Martin, 792 F.2d 52 (3d Cir. 1986) and Brach v. Nelson, 472 F. Supp. 569 (D. Conn. 1979) as examples of cases in which federal habeas relief was granted to prisoners complaining about decisions of parole boards (ECF No. 2 at 2–3). Petitioner's reliance upon these case is misplaced, because those cases were brought by federal prisoners under 28 U.S.C. § 2241, claiming that the United States Parole Commission acted arbitrarily in its application of federal parole statutes and guidelines.

processed disciplinary reports ranging from September 20, 1990 to November 30, 2006. These disciplinary reports include possession of weapons, inciting riots, possession of other contraband and disrespect to officials, among others. The Commission's examiner also noted that the Petitioner had satisfactory work ratings and completion of minimal programs. In its discretion, the Commission determined that aggravation was appropriate and that the minimal satisfactory information in the Department of Corrections' file did not outweigh the significant disciplinary record. It was not an abuse of the Commission's discretion to determine that the Petitioner's inability to follow the guidelines and rules in a structured setting could be an indicant of a negative parole prognosis.

(Ex. L at 200). Petitioner sought review of the circuit court's decision in the First DCA (Ex. N). The First DCA denied the petition for review on the merits (Ex. R), without written explanation.

Petitioner has not shown that the disciplinary record upon which the FCOR relied was false or procedurally flawed. Further, the FCOR's concluding that Petitioner's satisfactory work ratings and completion of minimal programs did not outweigh the negative impact of Petitioner's disciplinary record in terms of Petitioner's parole prognosis, does not suggest that the FCOR knowingly and intentionally used false information. Therefore, Petitioner failed to demonstrate that Ground Two implicates federal due process protections, or that the state court's adjudication was contrary to or an unreasonable application of clearly established federal law.

3.    Ground Four

Finally, to the extent Petitioner's jurisdictional argument in Ground Four suggests that the FCOR's action was unauthorized, thus implicating federal due process concerns, *see* Thomas, 691 F.2d at 489, Petitioner failed to establish that the state court's adjudication of the claim was contrary to or an unreasonable application of clearly established federal law.

Petitioner presented this claim in Ground Four of his extraordinary petition filed in the state circuit court (Ex. F at 12, 17–18). The state court adjudicated the claim as follows:

> In Petitioner's "ground four" he states that the Commission has no authority over him, that he is basically ineligible for parole. The Petitioner was sentenced to life in prison. He is eligible for parole because his capital crime of first degree murder was committed prior to May 25, 1994. Chapter 94-228, Laws of Florida; Hurd v. State, 807 So. 2d 753 (Fla. 3d DCA 2002). Petitioner was sentenced pursuant to 775.082, Fla. Stat. (1989); this is what designated the penalty for his capital crime of life. The first degree murder was designated as a capital crime by 782.04(l)(a), Fla. Stat. (1989). The clear language of 775.082(1), Fla. Stat. (1989), states, "[a] person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole . . . ." Petitioner's sentencing under the firearm enhancement for 775.087(2), Fla. Stat. (1989), does not override the sentence for the capital felony as stated in 782.04(1)(a), Fla. Stat. (1989), and 775.082(1), Fla. Stat. (1989). Additionally, a careful review of the judgment and sentence (Exhibit A, page 3 of 4) shows that in sentencing, the judge did

> not check the box pertaining to the three-year minimum mandatory
> provisions of § 775.087(2), Fla. Stat. (1989).

(Ex. L at 197–98).

A federal habeas court must abide by the state court's interpretation of state law. *See* Bradshaw v. Richey, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005); Mullaney v. Wilbur, 421 U.S. 684, 691, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975). Here, the state court's determination, that the FDOC was authorized to consider Petitioner's eligibility for parole, was based upon the court's interpretation of state law. Deferring to the state court's interpretation, Petitioner failed to demonstrate that the FCOR lacked authority or jurisdiction to establish his PPRD. Petitioner is thus not entitled to relief on Ground Four.

## III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" <u>Buck v. Davis</u>, 580 U.S.—, 137 S. Ct. 773 (2017) (quoting <u>Miller-El</u>, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

Petitioner's "Motion for Desirable Evidentiary Hearing" and Petition for Writ of Habeas Corpus Ad Testificandum (ECF Nos. 17, 18) are **DENIED**.

And it is respectfully **RECOMMENDED**:

1.     That Petitioner's petition for writ of habeas corpus (ECF No. 1) be **DENIED**.

2.     That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 31st day of August 2017.


/s/ Elizabeth M. Timothy
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**